PATRICK McGILLICK

v.

EMMA McALLISTER.

1. LANDLORD AND TENANT—DISTRESS FOR RENT BY ONE HOLDING BY INHERITANCE.—Appellee's mother, the owner of the land in question died intestate, leaving surviving her husband, appellee's father, and three children, besides appellee. Appellant afterwards rented the farm of appellee's father, and paid rent to him until his death. Appellee afterwards distrained for rent against appellant. *Held*, that she could not lawfully distrain either at common law or under the statute, because the relation of landlord and tenant never existed between her and appellant. She was neither his lessor nor grantee, assignee, heir, or personal representative of any one who had been his lessor.

2. HEIR OF LESSOR MAY DISTRAIN.—Appellee derived title to a portion of the land as heir of her deceased father, who was the lessor of appellant, and for this portion she could maintain a distress.

ERROR to the Circuit Court of Marshall county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed January 19, 1882.

Messrs. BARNES & MUIR, for plaintiff in error; that the relation of landlord and tenant must exist by express contract to sustain distress for rent, cited Taylor's Landlord and Tenant, § 561; Hatfield v. Fullerton, 24 Ill. 278; Litch v. Boyington, 84 Ill. 179; Kircher v. Hawley, 16 Johns. 289.

Where one who enters under an agreement with a tenant for life, continues to hold after his death, he becomes, as to the reversioner, a trespasser: 1 Washburn on Real Property, 126; Taylor's Landlord and Tenant, § 53; Harsey v. Harsey, 4 Harr. 517.

As to hearsay evidence of pedigree: Birney v. Hand, 3 A. K. Marsh. 322; Greenwood v. Spiller, 2 Scam. 502; Chapman v. Chapman, 2 Conn. 347; Henderson v. Cargill, 31 Miss. 367.

An instruction that the jury must be satisfied from the evidence, places the standard of proof too high : Buchanan v. Dodds, 6 Bradwell, 25; Ruff v. Garrett, 94 Ill. 475; O. O. &

F. R. V. R. R. Co. v. McMath, 4 Bradwell, 356; Herrick v. Gray, 83 Ill. 85.

Mr. FRED S. POTTER, for defendant in error; that attachment will not lie, and the remedy must be by distress, cited Pretty-man v. Unland, 77 Ill. 206; Thompson v. Mead, 67 Ill. 395; Wetsel v. Myers, 91 Ill. 497.

Upon death of the lessor, rent must be apportioned among the heirs, and each heir is entitled to distress: 3 Kent's Com. 469; Crosby v. Loup, 13 Ill. 675; Foltz v. Prouse, 17 Ill. 487; Dixon v. Nichols, 39 Ill. 372.

Common reputation may be shown as evidence in questions of marriage: Scheel v. Eidman, 77 Ill. 301; Ringhouse v. Kee-ver, 49 Ill. 470; Pile v. McBratney, 15 Ill. 314; Myatt v. Myatt, 44 Ill. 473; Harman v. Harman, 16 Ill. 87; Miller v. White, 80 Ill. 582.

PLEASANTS, J.   Defendant in error issued her distress warrant to collect of plaintiff in error one half the rent of the E. ½ N. E. ¼ Sec. 33, T. 13 N., R. 8 East, in Marshall county, claimed to be due for two years to Oct. 1, 1879, and to amount to $320.

He filed pleas denying the existence of the relation of landlord and tenant between them, and all indebtedness from him to her, but the jury found the issues for the plaintiff, fixing the amount due at $281.80.

The court overruled a motion for a new trial, and rendered judgment upon the verdict.   Defendant sued out this writ of error.   It appears from the record that the title to the premises was in Mary Ashbaugh, the mother of defendant in error, who died in 1865, intestate, and leaving her surviving her husband, Geo. Ashbaugh, and four children.   The family soon thereafter removed to Peoria, and the farm was rented out. The youngest of the children died during the same year, and the eldest in 1869, each intestate and without issue.

In 1870, Geo. Ashbaugh removed to Kansas, leaving the two surviving children of said Mary, but taking along with him a woman who had for some time lived with him as his wife, known as Eliza A. Ashbaugh, and one child, borne to him

by her.   In Oct. 1877 he died intestate, leaving him surviving
besides the two children by his said wife Mary, the said Eliza
A., and three children by her.   Plaintiff in error entered upon
the premises in 1875, and paid rent at first to Geo. Ashbaugh,
at the rate of $300 or $320 per annum.   He claimed, and there
was some evidence tending to show that in the summer or fall
of 1876, he received by mail from Kansas what purported to be
a lease from said Eliza, signed by said George as her agent, for
one year from March 1, 1877, and thereafter paid the rent to
her, without any new arrangement, in full to March 1, 1881,
although it does not appear that she ever had any interest in the
premises except a dower interest upon the death of George in
so much thereof as he inherited from his two deceased children
by his said wife Mary.   Whether he did become her tenant or
not we deem unimportant now to determine.   Some hearsay
evidence was offered on the part of the defendant in error with
a view to prove that there was no legal marriage between said
George and Eliza, which we think insufficient to warrant a
finding by court or jury in this or any other proceeding, which
should seem to bastardize her children or deny her any right as
a wife.   If it were otherwise, however, it would not affect our
decision upon this record.   Mrs. McAllister acquired by inher-
itance from her mother one undivided fourth, from one of the
deceased children one-fifth of one-fourth, and from the other
one-fourth of six-twentieths, making together thirty-eightieths,
or three-eighths, in fee after the life estate of her father who
was tenant by the courtesy.

But for rent of the proportion of the land, she could not
lawfully distrain either at common law, or under the statute,
for the reason that in respect to it, McGillick never sustained
the relation of tenant to her, or to those from whom she ac-
quired it.   She was neither his lessor, as she must have been
to maintain a distress at common law (Taylor's Landlord
and Tenant, Secs. 561–4 inclusive), nor grantee, assignee, heir
or personal representative of any one who had been his lessor,
as she must have been to maintain it under the statute.   (R.
S. 1879, Ch. 80, Sec. 14.)   Neither her mother nor her brother or
sister could have maintained it if they had been living, because

he was not the tenant of either, and she as heir can have, under the statute, no greater right or other remedy. But for the rent of so much as she inherited from her father, she might distrain, since he was lessor of the plaintiff in error, and the law cast her proportion of his estate upon her. The statute embraces that case, and in it gives the heir of the lessor this remedy.

What then was her proportion of her father's estate? He acquired by inheritance from one child, two-fifths of one-fourth, and from the other two-fourths of six-twentieths, making together twenty-eightieths or one-fourth. If then the children of said Eliza were illegitimate, the interest of the defendant in error would be only one-half of one-fourth, or one-eighth, and if legitimate, only one-twentieth.

The record contains no evidence tending to show a greater rent than $320 per annum, of which one-eighth for two years would be only $80, while the judgment is for $281.80. A verdict for no more than $80 could be sustained only upon the finding, on sufficient evidence, that plaintiff in error was not the tenant of Eliza Ashbaugh as claimed, and that her children are not lawful heirs of their father. These with all the other questions involved, are remitted to the circuit court, for solution upon another trial.

Judgment reversed and cause remanded.